IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF PISCATAQUIS,

ARGUED AT JUNE TERM, 1845.

---

## John E. Sawyer *versus* Elliot G. Vaughan.

When the defence of failure of consideration is set up to an action upon a note, expressing therein that it was for value received, given as the consideration for a deed of land, the burthen of proof is upon the maker of the note to show the facts which would exonerate him; and if it be left doubtful whether he acquired the title intended, the defence fails.

If one person bargains with another for the release and conveyance of a title, equally known to both to be a doubtful one, and takes such conveyance and gives his note for the price; he does not show a failure or want of consideration, by proof that the grantor had no valid title.

Assumpsit upon a note of which the following is a copy. "Monson, Oct. 11, 1841. I, for value received, promise to pay J. Emery Sawyer, Treasurer of the town of Elliotsville, one hundred and sixty-eight $\frac{30}{100}$ dollars, in labor on the bridge over Wilson stream, according to a contract with E. H. Drake, surveyor of highways, said work to be done in all the month of November next. "Elliot G. Vaughan."

A statement was drawn up and signed by the parties setting forth certain facts and referring to certain deeds. So far as the case could be understood, the facts appear in the opinion of the Court.

*Blake* argued for the plaintiff, contending that the action was rightly brought in the name of Sawyer, as treasurer. Rev. St. c. 115, § 14; 3 Greenl. 369; 19 Maine R. 322.

Sawyer *v.* Vaughan.

There was no failure of consideration ; and there was orig-inally a sufficient one. The case finds that the defendant knew all the facts ; and the defendant took this title at his own risk of loss or gain ; and if he should lose, it furnishes no defence to the note. *Baker* v. *Page*, 2 Fairf. 383.

The sale was legal. There is no necessity, that the collect-or's deed should state the manner in which he had procceded in making the sale.

There has been no failure of title, for the defendant still re-mains in possession of the land, and has never been disturbed. In such case want or failure of consideration cannot be set up in defence of a suit on a note given for the purchase money. 7 Martin, 223 ; 15 Mart. 111 ; 19 Mart. 235 ; Bailey, 250 ; 17 Wend. 188 ; 25 Wend. 113 ; 2 Johns. Ch. R. 519 ; 21 Wend. 138.

He also contended, that even if the defendant had been evicted, 'it would have furnished no defence to the note, but the only remedy, if any there was, would have been upon the covenants in the deed. *Lloyd* v. *Jewell*, 1 Greenl. 352 ; *Wentworth* v. *Goodwin*, 21 Maine R. 154 ; 25 Wend. 117 ; 2 Kent, 473.

*A. Sanborn*, for the defendant, said the defence to the note was, that the town had no title or claim to the land ; and that, therefore, there is a total failure of consideration, and the note is void. The sale was invalid, and the town de-rived no title under it. The assessments were not produced, and there is no proof, that the provisions of the law, in adver-tising and selling, were complied with. And because the col-lector did not in his deed state specifically, that he had adver-tised, &c. 3 Pick. 457 ; Bayley on Bills, 340 ; 11 Johns. R. 50 ; 14 Pick. 293 ; 20 Pick. 105 ; 2 Greenl. 390 ; 2 Wheat. 13.

The note is void, also, on the ground, that the selectmen had no authority to take such note in payment of the tax. The transaction was illegal.

Again, no title vested in the town, or in Sawyer, because, if Sawyer was agent of the town, then the town was both seller

and buyer, grantor and grantee; and the sale and conveyance under it were illegal and void.

The opinion of the Court was drawn up by

SHEPLEY J. — The case shows, that a tract of land, known as the undivided Vaughan tract, in the town of Elliotsville, was assessed for the years 1836 & 7, in that town; and that those assessments were committed to the collector, Benjamin Thombs, for collection; that to obtain payment he sold three undivided fifth parts of that tract at auction, on October 18, 1838; that the plaintiff, being treasurer of the town, by the request of the selectmen purchased the same, and on February 25, 1839, received a deed from the collector, in which he was described as agent of the town. Before the eleventh day of October, 1841, the defendant agreed with the selectmen to pay the taxes, which had been assessed upon the land, and that the town should release to him the title acquired by that sale. And on that day the plaintiff, by virtue of a vote of the town, executed a deed of release, conveying to the defendant all his right, title and interest to the lands conveyed to him by the collector, with covenants of warranty against the title of any one claiming under him; and the defendant made the note, upon which this suit was instituted, payable to the plaintiff, as treasurer, in labor in the month of November then next, in part payment of those taxes. The case states, that the defendant knew all the facts. There is no suggestion of any concealment, misrepresentation, or fraud, in the case. It does not appear, that the defendant is not in possession of the lands.

It is contended in defence, that the note was made without any consideration; that the plaintiff acquired no title to the lands by that sale, and conveyed none to the defendant. And it is said, that it does not appear, that the lands were legally assessed. It is true, that the case does not present sufficient facts to enable the Court to decide, whether they were legally assessed or not. If the defendant would avoid the payment of his note, stating, that he has received the value of it, he should

prove the facts which would exonerate him. The burthen of proof is upon him.

It is also contended, that the sale was illegal, and that nothing passed by the deed of the collector to the plaintiff, because he made the purchase, acting as agent of the town, by the request of the selectmen. It does not appear, that the collector had any connexion with that arrangement, further than making the deed to the plaintiff, in which he is described as agent, or that he did not sell to the highest bidder. It is not necessary to decide, whether the town acquired any equitable interest in those lands. It did not obtain the legal title. That, so far as the collector's deed may have conveyed any, passed to the plaintiff, and from him to the defendant. But a more conclusive reason for not admitting the defence to be a valid one is, that if one person bargains with another for the release and conveyance of a title, equally known to both to be a doubtful one, and takes such conveyance, and pays or secures the agreed price, he cannot establish a failure or want of consideration by proof, that the grantor had no valid title. In such a case it would appear, that the money had not been paid or the security given for a good title, but for the conveyance by release of a doubtful one. The consideration would be the adjustment, extinguishment or conveyance of a doubtful title or claim of title; and that would be sufficient. Such a bargain would essentially differ from one for the conveyance of a title as a good one. In the latter case, if there should prove to be a failure of title, the purchaser would not have obtained that, for which he had paid or agreed to pay; while in the former he would have obtained all, which formed the basis of the contract; and the conveyance, by release of a claim of title, would be a sufficient consideration.

*Judgment for the plaintiff.*